UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION
CASE NO.

JOHN PLANT

Plaintiff,

vs.

PASCO-HERNANDO STATE COLLEGE

Defendant.
_______________________________/

# COMPLAINT

Plaintiff, JOHN PLANT ("Plaintiff"), hereby files his Complaint against PASCO-HERNANDO STATE COLLEGE ("College") and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a male who resides in Hernando County, Florida.

2. Defendant is a Public College located in Spring Hill, Hernando County, Florida. It is a post-secondary educational institution, and local community college operated by the board of trustees. The College has more than 15 employees for each working day in each of 20 or more calendar weeks in the current calendar year.

3. This Court has jurisdiction over this matter pursuant to 28 USC § 1331.

4. Venue lies within the Middle District of Florida, Hernando County, pursuant to 28 USC §§ 1391 (b) and (c), because all actions relevant to Plaintiff's claims arose in this District.

**FACTS**

5. The Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff timely filed his written charge of discrimination with the Equal Employment Opportunity Commission. The EEOC issued a right to sue letter on July 10, 2026.

**GENERAL ALLEGATIONS**

6. The Plaintiff was employed as a professor for the College.

7. The Plaintiff has been diagnosed with Parkinson's disease.

8. Despite this diagnosis, the Plaintiff is able to fulfill the essential duties of his position with reasonable accommodation.

9. Since 2020, the Plaintiff has taught all of his classes remotely from home via Zoom.

10. The College currently permits other professors to teach their courses on Zoom.

11. Because of his disability, teaching in person is extremely difficult for the Plaintiff. Since 2020, the College has accommodated Plaintiff's disability by allowing him to teach from home over Zoom.

12. Around March 2025, the College notified the Plaintiff that he would be required to teach his classes in person, rather than remotely from home.

13. By insisting that the Plaintiff now teach in person, the College has refused to continue accommodating his disability. As a result, the Plaintiff is unable to continue teaching at the College.

14. The College has terminated the Plaintiff's employment because he cannot teach his classes in person.

## COUNT I

## VIOLATION OF TITLE I OF THE AMERICAN WITH DISABILITIES ACT

15. The Plaintiff incorporates by reference paragraphs 1-14 herein.

16. Plaintiff was employed by the College as a professor since August 2005.

17. Plaintiff suffers a permanent disability – he has Parkinson's disease.

18. Plaintiff made a specific request for a reasonable accommodation. Plaintiff requested the College to continue to permit him to teach his class at home on zoom.

19. The College, however, refused to accommodate Plaintiff's disability.

20. Instead of accommodating his disability, the College forced Plaintiff to take an FMLA leave and subsequently terminated his employment.

21. Plaintiff suffered damages as a result of Defendant's failure to accommodate his disability in violation of the American with Disabilities Act.

WHEREFORE, Plaintiff, John Plant demands judgment against Defendant, PASCO-HERNANDO STATE COLLEGE for actual and general damages, compensatory damages, punitive damages, prejudgment interest, attorney's fees and costs, and for such other relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

JOHN PLANT requests a jury trial on all questions of fact raised by this Complaint.

Dated: September 11, 2026.

Respectfully submitted,

**SOLNICK LAW P.A.**
Attorney for Plaintiff
3363 NE 163rd Street, Suite 801
North Miami Beach, Florida 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

By: /s/ *Peter J. Solnick*
Peter J. Solnick, Esq.
Fla. Bar. 670006